Lewis v. New Amsterdam Casualty Co., 200 Ill. App. 553.

## Jeannette E. Lewis, Administratrix, Appellant, v. New Amsterdam Casualty Company, Appellee.

### Gen. No. 6,281.    (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. Ches-
ter F. Barnett, Judge, presiding. Heard in this court at the April
term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

### Statement of the Case.

Action by Jeannette E. Lewis, as administratrix of
the estate of Thomas B. Lewis, deceased, plaintiff,
against New Amsterdam Casualty Company, defend-
ant, to recover on a policy of health and life insurance.
For a judgment for defendant upon a directed verdict,
plaintiff appeals.

A health and life insurance policy was issued by de-
fendant to Thomas B. Lewis on June 29, 1914. Lewis
was taken ill in August, 1914, and died on March 16,
1915. The policy provided for sick benefits of $25 per
week. No sick benefits were paid. There was an ap-
propriate declaration upon the policy. Certain pleas
were filed, to which a demurrer was sustained, and cer-
tain other pleas were then filed upon which issue was
joined. The pleas were each in bar, except as to $19.73
tender made before suit. The first plea was the qual-
ified general issue. The remaining pleas were that the
application was made a part of the policy, and that
the policy was issued upon the consideration of the pre-
mium and the statements in the application, and vari-
ous statements in the application as to the good health
of Lewis were denied. Special replications were filed
to the special pleas, and issues were joined upon said
replications.

The parties lived in Peoria. George Reagan was
agent of defendant at Peoria, and this policy was is-
sued from his office upon an application brought to him

by C. K. Gerdes, who was also a life insurance agent. Lewis applied to Gerdes for health and life insurance, and Gerdes applied to Reagan. Apparently Gerdes prepared a first draft of an application and this application, which was granted, was in fact written, so far as the typewritten parts were concerned (which were the ones that it was claimed were untrue), in Reagan's office and by his stenographer, by Reagan's direction, and delivered to Gerdes. It was claimed that this application was fraudulent. Gerdes signed Lewis' name to the application. Lewis never saw it. Gerdes testified that he considered himself authorized to sign Lewis' name to it. Gerdes testified that he took the statements as to the condition of health of Lewis from applications which Lewis had made to him some years before. Gerdes denied any knowledge of the facts concerning Lewis' condition of health which tended to make this application untrue. The application was untrue. When plaintiff sought to show that Gerdes was in fact acting for defendant and had frequently acted for defendant before, the court sustained objections to the questions by which it was sought to prove the connection between Gerdes and defendant. He was allowed to state that he had acted for defendant before, but that answer was then excluded. The proof showed that Gerdes did not receive any pay from Lewis for obtaining this insurance, but that Reagan was entitled to a certain commission as between him and defendant, and that Reagan paid a part of that commission to Gerdes as his compensation for the work. Defendant introduced in evidence a letter from the superintendent of defendant to Lewis, dated February 1, 1915, notifying him that the company had canceled this policy, and that they inclosed therewith their check for $62.13, in full of the premium which Lewis had paid and interest to that date, and also a registered return receipt admitting the receipt of this letter of February 1st, which was signed "Thomas B. Lewis per G. C. Lewis." Ob-

jection was made to the competency of this evidence, and that objection was overruled. There was no proof who G. C. Lewis was, nor that he or she had any authority to sign the name of Thomas B. Lewis to that receipt nor that Thomas B. Lewis ever did receive that letter.

JOHN B. KING and LEO G. HANA, for appellant.

STEVENS, MILLER & ELLIOTT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 639*—*when evidence erroneously excluded.* In an action on a health and life insurance policy, where the defense was that the application was fraudulent, and it appeared that the application was made out by a third person, who was a life insurance agent, from statements as to the condition of health of the applicant made years before upon making application to such third person for insurance, and it was signed by such third person without the applicant seeing it, and delivered to defendant's agent, *held* that evidence tending to show that such third person was acting for the insurance company and had frequently so acted before was erroneously excluded.

2. EVIDENCE, § 304*—*when insufficient foundation laid for admission of documentary evidence.* A letter and a registered return receipt signed for the receiver of the letter by another are inadmissible in evidence until the agency of the signer is established, or the fact that the letter did in fact reach the person for whom it was intended.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.